PER CURIAM.
This case involves the frustration of a plea agreement due to the forfeiture of gain time. Appellant was sentenced to prison followed by probation in 2002. After his release from prison, he violated his probation. In 2007, Appellant pled guilty to the violation of probation and a new offense of possession of cocaine, pursuant to a negotiated plea agreement. The record reflects that everyone thought that Appellant would serve thirty-six months in the Department of Corrections on all of his charges, coterminous. Appellant was also to be credited with jail credit for the time he spent in jail after his arrest on the VOP charge. What was not addressed specifically, however, was the forfeiture of gain time on his 2002 sentences. After he returned to prison, his gain time was forfeited. The net result is that Appellant’s sentences for the 2002 charges will end eight months and one day after his sentence on the possession of cocaine charge.
Ordinarily, relief under these circumstances is available only under rule 3.850. See, e.g., Dellahoy v. State, 816 So.2d 1253 (Fla. 5th DCA 2002). Here, however, Appellant contends that he is entitled to relief under rule 3.800 because he was not afforded credit for the prison time he served on the 2002 charges. The trial court summarily denied Appellant’s motion concluding that Appellant waived credit for this time as evidenced by the written plea agreement and plea transcript. Although these documents are no model of clarity, we conclude that the best interpretation is that Appellant only waived so much of this time to result in coterminous sentences arising from his 2007 plea agreement. On remand, therefore, the trial court should award Appellant an additional eight months and one day in credit on the 2002 charges.
Because time is of the essence here to avoid any prejudice to Appellant, we request that the trial court implement the mandate as expeditiously as possible.
REVERSED and REMANDED.
MONACO, C.J., TORPY and COHEN, JJ., concur.